IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAUREL BARRETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:14-CV-0870-D |
| VS. | § | |
| | § | |
| BANK OF AMERICA, N.A., et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

        In deciding plaintiff's motion to remand this removed case, the court raises *sua sponte*

that plaintiff's well-pleaded complaint does not raise an issue of federal law that is sufficient

to support federal question jurisdiction.  The court therefore grants the motion and remands

the case to state court.

I

        This is an action by *pro se* plaintiff Laurel Barrett ("Barrett") against defendants Bank

of America, N.A. ("Bank of America"), Wells Fargo Bank, N.A., as Trustee for the

Certificate-Holders of Banc of America Alternative Loan Trust 2005-10, Mortgage Pass-

Through Certificates, Series 2005-10 ("Wells Fargo"), and Nationstar Mortgage LLC

("Nationstar") arising in connection with a loan she obtained for the purchase of a residence.

Barrett brought suit in Texas state court, alleging claims for conspiracy to defraud, breach

of contract, misrepresentation, and that "the deed of trust does not secure the deed of trust

note." Pet. ¶¶ 44-52.  Wells Fargo and Nationstar removed the case to this court on the basis

that the court has federal question jurisdiction under 28 U.S.C. § 1331.  Bank of America

timely consented to removal.  Although Barrett's state-court petition alleges claims under

state law, defendants maintain that the petition in substance appears to assert a claim under

15 U.S.C. § 1641(g),[1] a provision of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601

*et seq.*  They rely on the following paragraph in Count II, which is asserted under the heading

"Breach of Contract": "Defendant failed to provide notice of an assignment of the Deed of

Trust loan or change of the loan servicer.  'An assignee of a Deed of Trust and note must

give the debtor written notice of such assignment within thirty (30) days after the

assignment.'"  Pet. ¶ 26.  In the notice of removal, defendants contend that "[t]hese

allegations appear to assert a claim under 15 U.S.C. § 1641(g)," Not. of Removal ¶ 2, and

that, "[a]s such, Plaintiff's putative claims under 15 U.S.C. § 1641 give rise to federal

question jurisdiction," *id.* at ¶ 10.[2]

Barrett moves to remand, arguing that defendants have failed to establish that the case

was removable based on diversity citizenship; she does not address whether the case was

---

[1]15 U.S.C. § 1641(g):

> In addition to other disclosures required by this subchapter, not
> later than 30 days after the date on which a mortgage loan is
> sold or otherwise transferred or assigned to a third party, the
> creditor that is the new owner or assignee of the debt shall notify
> the borrower in writing of such transfer, including [information
> described in subsections (A)-(E)].

[2] Defendants maintain that the court should exercise supplemental jurisdiction over
Barrett's other, state-law claims under 28 U.S.C. § 1367.

removable based on federal question jurisdiction.  Defendants oppose the motion, contending that, because they removed the case based on federal question jurisdiction, Barrett's arguments are inapposite and her motion should be denied.

## II

In her *pro se* motion, Barrett argues that this case must be remanded for two reasons: first, defendants have not satisfied the requirements of diversity jurisdiction; and, second, defendants do not have standing to bring their claims in federal court because they did not actually loan funds to Barrett.  Neither ground supports remanding this case.  Wells Fargo and Nationstar removed the case based on federal question jurisdiction under 28 U.S.C. § 1331, not diversity jurisdiction under 28 U.S.C. § 1332.[3]  Therefore, defendants are not obligated to demonstrate that the court has diversity jurisdiction.  Barrett's standing argument is similarly without merit.  As the plaintiff, Barrett—not defendants—brought this action and must therefore satisfy the requirement of standing.  Defendants merely removed the lawsuit to this court and have no obligation to satisfy a "standing" requirement.  In sum, Barrett has not identified in her motion a sufficient ground to require that the case be remanded.

## III

Barrett's failure to make the correct argument in support of remanding the case does not result, however, in a decision denying her motion.  This is because the court is obligated under 28 U.S.C. § 1447(c) to remand the case "[i]f at any time before final judgment it

---

[3]There is no assertion that the court can exercise diversity jurisdiction in this case.

appears that the district court lacks subject matter jurisdiction[.]"  *Id.*; *see also Ansley v. HealthMarkets Inc.*, 416 Fed. Appx. 445, 448 (5th Cir. 2011) (per curiam) ("Section 1447(c) specifies that a case may be remanded for lack of subject matter jurisdiction or a defect in removal procedure.").   In fact, "the court must notice its own lack of subject matter jurisdiction *sua sponte*, if necessary."  *TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 618 (N.D. Tex. 2007) (Fitzwater, J.).  The court therefore raises *sua sponte* that it lacks federal question jurisdiction and that the case must be remanded.

IV

"Ordinarily, the well-pleaded complaint rule governs federal question jurisdiction. Under the rule, '[r]emoval is not possible unless the plaintiff's "well pleaded complaint" raises issues of federal law sufficient to support federal question jurisdiction.'"  *Ervin v. Stagecoach Moving & Storage, Inc.*, 2004 WL 1253401, at *2 (N.D. Tex. June 8, 2004) (Fitzwater, J.) (alteration in original) (quoting *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993)); *see also Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995) ("A determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint." (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908))).  The well-pleaded complaint "rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Therefore, even if federal claims are available, the plaintiff may remain in state court by relying exclusively on state law.  *See id.*  If, on its face, the plaintiff's state-court petition

- 4 -

contains no issue of federal law, there is no federal question jurisdiction. *Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1160-61 (5th Cir. 1989).

Defendants maintain that Barrett's state-court petition appears to assert a claim under 15 U.S.C. § 1641(g), a provision of the TILA. They rely on two sentences in Count II—which Barrett characterizes in her petition as a "Breach of Contract" claim—to contend that such allegations would support a claim asserted under the TILA. This argument is misplaced. A federal question claim does not exist simply because facts are available in the complaint to suggest such a claim. *See Gemcraft Homes, Inc. v. Sumurdy*, 688 F. Supp. 289, 292 (E.D. Tex. 1988); *cf. Chavez v. McDonald's Corp.*, 1999 WL 814527, at *2 (N.D. Tex. Oct. 8, 1999) (Fitzwater, J.) (holding that plaintiff had not alleged federal-law claim even though he referred at one point to exhausting his administrative remedies under federal law, where he otherwise clearly alleged that his claims were based on Texas statutory or common law).[4] Moreover, the relevant part of Barrett's petition does not cite or otherwise mention the TILA. The only citation is to a Texas statute: Tex. Prop. Code Ann. § 12.009 (West 2004). Nor does the language on which defendants rely quote any provision of the TILA.

And the fact that the petition contains allegations that *could* support a federal question claim is not controlling. A defendant cannot remove a case based on federal question jurisdiction by taking allegations made in support of a state-law claim and demonstrating

---

[4]Nor is the existence of a federal defense enough to establish federal question jurisdiction. *See, e.g., Hart v. Bayer Corp.*, 199 F.3d 239, 244 (5th Cir. 2000) ("Yet the mere fact that a given federal law might 'apply' or even provide a federal defense to a state-law cause of action, is insufficient alone to establish federal question jurisdiction.").

how the same allegations would support a federal-law claim.  The plaintiff is the master of her complaint, and she may, as Barrett has done here, rely exclusively on state law, even if the same allegations would support a cause of action under federal law.[5]

Although there are exceptions to the well-pleaded complaint rule, such as complete preemption, none applies here.  Therefore, the content of Barrett's state-court petition—i.e., her "well-pleaded complaint"—governs whether the case was removable.  And because the petition does not assert a federal question claim and there is no basis to conclude that the court has diversity jurisdiction, this case must be remanded.

\* \* \*

For the reasons explained, plaintiff's motion to remand is granted.[6]  The court holds that it lacks subject matter jurisdiction, and, pursuant to 28 U.S.C. § 1447(c), remands this case to the 101st Judicial District Court of Dallas County, Texas.  The clerk of court shall

---

[5]Even if there were some ambiguity about whether Barrett intended to rely on federal law, such ambiguity would not be sufficient to establish subject matter jurisdiction. "Because jurisdiction is so fundamental, any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court."  *Cross v. Bankers Multiple Line Ins. Co.*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.) (citing *Ashley v. Sw. Bell Tel. Co.*, 410 F. Supp. 1389, 1392 (W.D. Tex. 1976)).  "The federal removal statute . . . is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns."  *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997).  As this court has previously observed, "[a]mbiguity defeats removal, it does not support it."  *Scott v. Primedia, Inc.*, 2004 WL 1179329, at \*2 (N.D. Tex. May 7, 2004) (Fitzwater, J.).

[6]Because the court concludes that it lacks subject matter jurisdiction, it does not reach Bank of America's motion to dismiss, Wells Fargo and Nationstar's motion to dismiss, and Barrett's motion for leave to add parties.

- 6 -

effect the remand according to the usual procedure.

**SO ORDERED.**

May 29, 2014.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE